EMILY BURKHARDT VICENTE (SBN 263990)
ebvicente@HuntonAK.com
D. ANDREW QUIGLEY (SBN 280986)
aquigley@HuntonAK.com
**HUNTON ANDREWS KURTH LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: 213 • 532 • 2000
Facsimile: 213 • 532 • 2020

MAYA M. ECKSTEIN (*pro hac vice*)
meckstein@HuntonAK.com
**HUNTON ANDREWS KURTH LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: 804 • 788 • 8200
Facsimile: 804 • 788 • 8218

*[continued on next page]*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTREPID AUTOMATION, INC., a Delaware Corporation;<br><br>        Plaintiff,<br>    v.<br><br>3D SYSTEMS CORPORATION, a Delaware Corporation; and 3D SYSTEMS, INC., a California Corporation,<br><br>        Defendants. | Case No.:  3:24-cv-02262-AGS-DDL<br><br>**DEFENDANTS 3D SYSTEMS CORPORATION AND 3D SYSTEMS, INC.'S**<br><br>**1.  NOTICE OF MOTION AND MOTION TO DISMISS INTREPID'S COMPLAINT**<br><br>**2.  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Hon. Andrew G. Schopler<br>Courtroom:  5C<br>Hearing Date:  February 7, 2025<br>Hearing Time:  10:00 a.m. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OZZIE A. FARRES (*pro hac vice*)
ofarres@HuntonAK.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue, NW
Washington, DC 20037-1709
Telephone: 202 • 955 • 1500
Facsimile: 202 • 778 • 2201

Attorneys for Defendants,
3D SYSTEMS CORPORATION and
3D SYSTEMS, INC.

**TO THE COURT, AND TO PLAINTIFF AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 7, 2025 at 10:00 a.m., or as soon thereafter as this matter may be heard, in this Court, located at 221 West Broadway, Courtroom 5C, San Diego, California 92101, Defendants 3D Systems Corporation and 3D Systems, Inc. (collectively, "Defendants" or "3DS") will, and hereby do, move the Court for an order dismissing this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal is warranted because Plaintiff Intrepid Automation Inc. ("IA") fails to place 3DS on notice of what activity is being accused of infringement in the several infringement theories it raises.

Specifically, with respect to IA's direct infringement theory, IA fails to assert factual allegations supporting a reasonable inference that the Asserted Products (3DS's multi-projection 3D printers) satisfy each of the required filters of the Asserted Patents (United States Patents 11,014,301 ("the '301 Patent") (ECF No. 1-2) and 11,338,511 ("the '511 Patent) (ECF No. 1-3)). The Asserted Patents each require a specific stack/set of four filters that include: (1) an irradiance mask, (2) a gamma adjustment mask; (3) a warp correction filter, and (4) blending bars. To properly plead infringement, IA's Complaint must factually allege the stack/set of four filters in its entirety. If even one filter is missing, there cannot be a finding of infringement. However, as further argued below, IA's Complaint describes how one of the filters relates to one of the Asserted Products and makes a cursory statement about a second filter, but completely overlooks the remaining two filters. As a result, IA fails to state a claim of direct infringement.

IA's additional infringement theories—doctrine of equivalents, willfulness, contributory infringement and induced infringement—all should be dismissed as they are derivative of IA's direct infringement claim. Even if these theories were assessed independently, they advance nothing more than conclusory statements, with no attempt to provide factual allegations relevant to these theories. This bare pleading is insufficient to survive a motion to dismiss.

This Motion is based on this Notice of Motion and Motion to Dismiss Intrepid Automation, Inc.'s Complaint, Defendants' Memorandum of Points and Authorities in Support, all matters of which judicial notice may be taken, all files and records in this action, and on any argument that may be presented to the Court when this Motion is heard. As moving party, Defendants request oral argument.

DATED: January 9, 2025                **HUNTON ANDREWS KURTH LLP**

By:    */s/ Emily Burkhardt Vicente*
Emily Burkhardt Vicente
D. Andrew Quigley
Maya M. Eckstein
Ozzie A. Farres
Attorneys for Defendants,
3D CORPORATION and 3D SYSTEMS, INC.

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................. 1

II.   FACTUAL BACKGROUND.............................................................................. 2

    A.   The Asserted Patents ............................................................................... 3

III.  LEGAL STANDARD ......................................................................................... 5

    A.   Rule 12(b)(6) Motion To Dismiss .......................................................... 5

IV.   LEGAL ARGUMENT......................................................................................... 7

    A.   Plaintiff IA Fails to Sufficiently Allege Direct Infringement Because the Complaint Lacks Factual Support that the Accused Products Meet Each and Every Element of Claim 1 of the Asserted Patents ...................... 7

        1.   PSLA 270 ....................................................................................... 8
        2.   Other In-Development Multi-projection 3D Printers ........................ 11

    B.   Plaintiff IA Fails to Sufficiently Allege Doctrine of Equivalents................. 13
    C.   Plaintiff IA Fails to Sufficiently Allege Willful Infringement .................... 15
    D.   Plaintiff IA Fails to Sufficiently Allege Contributory Infringement ........... 16
    E.   Plaintiff IA Fails to Sufficiently Allege Induced Infringement ................... 18

V.    CONCLUSION................................................................................................. 20

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Advanced Steel Recovery, LLC v. X-Body Equip., Inc.*,
   808 F.3d 1313 (Fed. Cir. 2015) ...........................................................13

*AlterG Inc. v. Boost Treadmills LLC*,
   388 F. Supp. 3d 1133 (N.D. Cal. 2019)...............................................15

*Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.*,
   709 F.3d 1348 (Fed. Cir. 2013) .............................................................7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)....................................................................*passim*

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
   459 U.S. 519 (1983)..............................................................................11

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)....................................................................*passim*

*Bell Semiconductor, LLC v. MaxLinear, Inc.*,
   No. 22-CV-00594-H-KSC, 2023 WL 175454 (S.D. Cal. Jan. 12, 2023)............6

*Betak v. Miftakhov*,
   No. 19-CV-02516-JSC, 2019 WL 5684523 (N.D. Cal. Nov. 1, 2019)...............3

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012) ...................................................*passim*

*Bot M8 LLC v. Sony Corp. of Am.*,
   4 F.4th 1342 (Fed. Cir. 2021) ...............................................6, 10, 11

*Bowlby v. City of Aberdeen*,
   681 F.3d 215 (5th Cir. 2012) ..............................................................12

*Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Rsch. Inst.*,
   No. 19-CV-05784-JST, 2020 WL 7392909 (N.D. Cal. July 23, 2020) .............13

*Cephalon, Inc. v. Watson Pharms., Inc.*,
   707 F.3d 1330 (Fed. Cir. 2013) ..........................................................13

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

3:24-cv-02262-AGS-DDL

*CG Tech. Dev., LLC v. Big Fish Games, Inc.*,
  No. 2:16-cv-00587-RCJ-VCF, 2016 WL 4521682 (D. Nev. Aug. 29, 2016)....15

*Commil USA, LLC v. Cisco Sys., Inc.*,
  575 U.S. 632 (2015)..................................................................................18, 19

*Core Optical Techs., LLC v. Juniper Networks Inc.*,
  562 F. Supp. 3d 376 (N.D. Cal. 2021)................................................................15

*Cousins v. Lockyer*,
  568 F.3d 1063 (9th Cir. 2009) .........................................................................12

*Dahlia v. Rodriguez*,
  735 F.3d 1060 (9th Cir. 2013) .........................................................................12

*Deckers Outdoor Corp. v. Torrid, LLC*,
  No. 222CV05551FWSDFM, 2023 WL 2559199 (C.D. Cal. Feb. 24, 2023).....15

*Delphix Corp. v. Actifo, Inc.*,
  No. 13-cv- 4613, 2014 WL 4628490 (N.D. Cal. Mar. 19, 2014) ......................13

*DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*,
  469 F.3d 1005 (Fed. Cir. 2006) .......................................................................14

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
  888 F.3d 1256 (Fed. Cir. 2018) .........................................................................7

*Elan Microelectronics Corp. v. Apple, Inc.*,
  No. 09-cv-01531, 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009) ....................12

*Erickson v. Pardus*,
  551 U.S. 89 (2007)..............................................................................................7

*Fate Therapeutics, Inc. v. Shoreline Biosciences, Inc.*,
  665 F. Supp. 3d 1214 (S.D. Cal. 2023).......................................................18, 19

*Finjan, Inc. v. Cisco Sys. Inc.*,
  No. 17-cv-00072-BLF, 2017 WL 2462423 (N.D. Cal. June 7, 2017) ..............16

*FluorDx LLC v. Quidel Corp.*,
  No. 19-CV-1998 JLS (JLB), 2020 WL 4464475 (S.D. Cal. Aug. 4, 2020).......16

*Global–Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011)..................................................................................18, 19

*Golden v. Google LLC*,
No. 22-CV-05246-HSG, 2023 WL 5154513 (N.D. Cal. Aug. 10, 2023) ..........17

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
579 U.S. 93 (2016) ................................................................................................15

*AE ex rel. Hernandez v. Cty. of Tulare*,
666 F.3d 631 (9th Cir. 2012) ...............................................................................10

*Infinity Cube Ltd. v. Mangolytics, Inc.*,
No. 22-CV-547-RSH-AGS, 2023 WL 6217359 (S.D. Cal. Feb. 22, 2023)...7, 19

*Joy Techs., Inc. v. Flakt, Inc.*,
6 F.3d 770 (Fed. Cir. 1993) ..................................................................................13

*SRI Int'l, Inc. v. Cisco Sys., Inc.*,
14 F.4th 1323 (Fed. Cir. 2021) ............................................................................15

*Laitram Corp. v. Rexnord, Inc.*,
939 F.2d 1533 (Fed. Cir. 1991) ..............................................................................8

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
869 F.3d 1372 (Fed. Cir. 2017) ...........................................................................18

*Linear Tech. Corp. v. Impala Linear Corp.*,
379 F.3d 1311 (Fed. Cir. 2004) ...........................................................................13

*Los Angeles Lakers, Inc. v. Fed. Ins. Co.*,
869 F.3d 795 (9th Cir. 2017) ..........................................................................6, 10

*Lucent Techs., Inc. v. Gateway, Inc.*,
580 F.3d 1301 (Fed. Cir. 2009) .....................................................................18, 19

*Mallinckrodt Inc. v. E-Z-EM Inc.*,
670 F. Supp. 2d 349 (D. Del 2009)......................................................................17

*Manville Sales Corp. v. Paramount Sys., Inc.*,
917 F.2d 544 (Fed. Cir. 1990) .............................................................................20

*Masimo Corp. v. Wireless*,
No. 19-CV-01100-BAS-NLS, 2020 WL 7260660 (S.D. Cal. Dec. 10, 2020).....7

*McZeal v. Sprint Nextel Corp.*,
501 F.3d 1354 (Fed. Cir. 2007) ...........................................................................14

vi

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
  521 F.3d 1097 (9th Cir. 2008) ...................................................................6

*Multimedia Pat. Tr. v. Apple Inc.*,
  No. 10-CV-2618-H (KSC), 2012 WL 12868249 (S.D. Cal. Oct. 19, 2012) ......10

*Nalco Co. v. Chem-Mod, LLC*,
  883 F.3d 1337 (Fed. Cir. 2018) ...............................................................18

*Novitaz, Inc. v. inMarket Media, LLC.*,
  No. 16-cv-06795-EJD, 2017 WL 2311407 (N.D. Cal. May 26, 2017) ..........9, 10

*Oakley, Inc. v. 5.11, Inc.*,
  No. 11CV2173 WQH, 2012 WL 1327796 (S.D. Cal. Apr. 17, 2012) ................7

*Polaris PowerLED Techs., LLC v. Vizio, Inc.*,
  No. 18-cv-1571, 2019 WL 3220016 (C.D. Cal. May 7, 2019) ........................16

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
  843 F.3d 1315 (Fed. Cir. 2016) ...............................................................19

*Provisur Tech., Inc. v. Weber, Inc.*,
  119 F.4th 948 (Fed. Cir. 2024) ...............................................................15

*Scripps Rsch. Inst. v. Illumina, Inc.*,
  No. 16-CV-661 JLS (BGS), 2016 WL 6834024 (S.D. Cal. Nov. 21, 2016) ........6

*Seoul Laser Dieboard Sys. Co. v. Serviform, S.r.l.*,
  957 F. Supp. 2d 1189 (S.D. Cal. 2013) ......................................................16

*Seoul Semiconductor Co. v. Feit Elec. Co.*,
  No. 22-cv-05097, 2022 WL 18397383 (C.D. Cal. Nov. 30, 2022) ..................15

*Sorensen v. Black & Decker Corp.*,
  No. 06-cv-1572-BTM-CAB, 2007 WL 951839 (S.D. Cal. Feb. 27, 2007) ..........7

*Southwall Techs., Inc. v. Cardinal IG Co.*,
  54 F.3d 1570 (Fed. Cir. 1995) .................................................................13

*Tech. in Ariscale, LLC v. Razer USA, Ltd.*,
  703 F. Supp. 3d 1153 (C.D. Cal. 2023) ......................................................10

*Texas Instruments Inc. v. Cypress Semiconductor Corp.*,
  90 F.3d 1558 (Fed. Cir. 1996) .................................................................14

*Toesox, Inc. v. Icon Health & Fitness, Inc.*,
    No. 14-CV-873 BEN (WVG), 2015 WL 12466347 (S.D. Cal. May 13, 2015)16, 17

*Upstream Holdings, LLC v. Brekunitch*,
    No. 2:22-cv-03513, 2022 WL 17371052 (C.D. Cal. Aug. 3, 2022)...................13

*Vervain, LLC v. Micron Tech., Inc.*,
    No. 21-00487, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022)...........................10, 11

*Vita-Mix Corp. v. Basic Holdings, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009) ........................................................................17

*Warner–Jenkinson Co. v. Hilton Davis Chem. Co.*,
    520 U.S. 17 (1997)............................................................................................14

*Warsaw Orthopedic, Inc. v. NuVasive, Inc.*,
    824 F.3d 1344 (Fed. Cir. 2016) ........................................................................18

*Yi-Ping Lin v. Transform Partners LLC*,
    No. 18CV1933 DMS (KSC), 2019 WL 446403 (S.D. Cal. Feb. 5, 2019)...........8

**STATUTES**

35 U.S.C. § 271 ..............................................................................7, 14, 16, 18, 19

35 U.S.C. § 284 ......................................................................................15, 16

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8 ...............................................................................................5

Fed. R. Civ. P. 12 ................................................................................5, 10, 12

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## I.    **INTRODUCTION**

At its core, this case is a desperate attempt by Plaintiff Intrepid Automation Inc. ("IA") to escape its own misappropriation by remarkably claiming that it owns the trade secrets it stole from Defendants 3D Systems Corporation and 3D Systems, Inc. (collectively, "3DS" or "Defendants") and incorporated into its patent filings.  However, the bare nature of IA's pleading shows that its claim is meritless and should not survive the pleading stage.  Accordingly, 3DS respectfully moves to dismiss IA's Complaint for failure to state a claim upon which relief can be granted as the Complaint fails to provide factual allegations that support a reasonable inference that the required claim elements are satisfied by IA's infringement theories.

For example, IA alleges infringement of United States Patents 11,014,301 ("the '301 Patent") (Complaint, Ex. 1) and 11,338,511 ("the '511 Patent) (Complaint, Ex. 2) against 3DS's multi-projection 3D printers.  The '301 and '511 Patents ("the Asserted Patents") each require a specific stack/set of four filters that include: (1) an irradiance mask, (2) a gamma adjustment mask; (3) a warp correction filter, and (4) blending bars.  Not only is the stack/set of four filters required by the explicit language of the claims, but the Asserted Patents and prosecution histories make clear that the stack/set of four filters is material to patentability and a critical feature.  To properly plead infringement, the Complaint must factually allege the stack/set of four filters in its entirety.  If even one filter is missing, there cannot be a finding of infringement.

IA fails to assert factual allegations supporting a reasonable inference that 3DS's multi-projection 3D printers satisfy each of the required filters of the Asserted Patents, and, as such, cannot allege a claim for infringement under the various theories it alleges.  IA focuses on only one of the filters, makes a cursory statement about a second filter, and completely overlooks the remaining two filters.  Specifically, the Complaint fails to assert any factual allegations relating to at least: "an irradiance mask configured to normalize irradiance" and "a warp correction filter configured to provide geometric correction" in

combination with "a gamma adjustment mask" and "an edge blending bar."  As a result, IA fails to state a claim of infringement.

Instead, IA simply alleges that 3DS's multi-projection printers (including 3DS's PSLA 270 printer) infringe the Asserted Patents because they utilize 3DS's edge blending and calibration trade secret that was developed before the Asserted Patents and that 3DS accuses IA of misappropriating in the related 3DS trade secrets case (Case No.: 3:21-cv-01141-AGS-DDL) (the "3DS Trade Secrets Case").  Because the Complaint does not support a plausible inference that the accused products infringe any claim of the Asserted Patents without the critical stack/set of four distinct filters required by the Asserted Patents, IA's direct infringement theory fails.  Accordingly, the accusations in the Complaint do not merit proceeding beyond the pleading stage.

IA's additional infringement theories—doctrine of equivalents, willfulness, contributory infringement and induced infringement—advance nothing more than conclusory statements, with no attempt to provide factual allegations relevant to these theories.  This bare pleading is insufficient to survive a motion to dismiss.  Defendants, therefore, respectfully request that IA's Complaint be dismissed.

## II.    **FACTUAL BACKGROUND**

3DS is a pioneer in 3D printing solutions.  In June and August 2016, 3DS hired Ben Wynne, Jamie Etcheson, Christopher Tanner, Robert Mueller and Ivan Chousal (collectively, "Wynne *et al.*")—each of whom is listed as a co-inventor on the Asserted Patents—to work with specific DLP multi-projection systems.  Through training and opportunities provided by 3DS, Wynne *et al.* were exposed to edge blending and calibration technology that 3DS maintains as trade secrets.  3DS internal documents and confidential source code establish 3DS's work on the edge blending and calibration technology during at least the 2016-2017 time frame.

Wynne *et al.* worked at 3DS for 14 months and then coordinated their departures in August 2017 to start IA using 3DS trade secrets and confidential information.  In July 2018, IA filed a patent application that eventually matured into USPN 10,780,640 ("the '640

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Patent") which is the parent patent of the Asserted Patents. *See* Request for Judicial Notice ("RJN"), Ex. A (Patent No. US 10,780,640).[1]  The '640 Patent was granted on September 22, 2020 and contained similarities to 3DS's multi-projector trade secrets, including certain aspects of the edge blending and calibration aspects of the 3DS's DLP multi-projector printer trade secret that includes the use of specific filters.

Upon discovering IA's use of the edge blending and calibration aspects of 3DS's DLP multi-projector printer trade secret in IA's '640 Patent, and further due diligence, 3DS filed the 3DS Trade Secrets Case, accusing IA and Wynne *et al.* of misappropriating 3DS's trade secrets.

Despite IA's misappropriation of the edge blending and calibration aspects of the 3DS's DLP multi-projector printer trade secret, IA now accuses 3DS of infringing the Asserted Patents without any factual basis supporting 3DS's alleged use of critical claim elements reciting the stack/set of four filters.  Without proper factual support of key claim elements, IA has not provided sufficient factual allegations that infringement is plausible.

## A.    The Asserted Patents

The '301 Patent is entitled "Multiple Image Projection System for Additive Manufacturing" and describes an image projection system comprising a plurality of image projectors that project a composite image onto a build area within a resin pool where the composite image comprises a plurality of sub-images.  *See* ECF No. 1-1 ('301 Patent), Abstract.  The properties of each sub-image and the alignment of the position of each sub image within the composite image can be adjusted using the stack/set of four filters.  *Id.*

Claim 1 of the '301 Patent recites an additive manufacturing system that comprises: *a stack of filters* configured to adjust the properties of each sub-image in the array, the stack of filters comprising: (1) *an irradiance mask* configured to normalize irradiance; (2) *a gamma adjustment mask* configured to adjust sub-image energy by mapping a plurality

---

[1] The court may take judicial notice of these publicly available patents and patent applications, which IA expressly references in its pleading.  *See Betak v. Miftakhov*, No. 19-CV-02516-JSC, 2019 WL 5684523, at *5 (N.D. Cal. Nov. 1, 2019).

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

3:24-cv-02262-AGS-DDL

of pixel intensity levels to an addressable range of reactivity for curing resin of the resin pool, thereby reducing aliasing artifacts of curved or smooth surfaces; (3) *a warp correction filter* configured to provide geometric correction; and (4) *an edge blending bar* at one or more sub-image edges. *Id.*, claim 1. The '301 Patent has 20 claims, two of which are independent. *Id.*, claims. Independent claim 1 is a system claim and independent claim 11 recites a method. *Id.*

Claim 1 of the '511 Patent recites a method comprising the step of: "adjusting properties and aligning a position of each sub-image in the array using *a set of filters* comprising: (1) *an irradiance mask* that normalizes irradiance; (2) *a gamma adjustment mask* that adjusts sub-image energy based on a reactivity of resin in the resin pool; (3) *a warp correction filter* that provides geometric correction; and (4) *an edge blending bar* at one or more sub-image edges. *See* ECF No. 1-2, ('511 Patent), claim 1. The '511 Patent has 15 claims; only claim 1 is independent, and it is a method claim. *Id.*, claims.

Both the '301 Patent and the '511 Patent are continuations of the '640 Patent, and as such incorporate all of the disclosures and subject matter contained in the '640 Patent (which is also identified by its application number, Serial No. 16/370,337). *See* ECF No. 1-1 ('301 Patent), Page 31, Col. 1, lines 6-14 ("This application is a continuation of U.S. patent application Ser. No. 16/370,337, filed Mar. 29, 2019, which claims priority to U.S. Provisional Patent Application No. 62/711,719, filed on Jul. 30, 2018, and entitled "Multiple Image Projection System for Additive Manufacturing"; and U.S. Provisional Patent Application No. 62/734,003, filed on Sep. 20, 2018, and entitled "Multiple Image Projection System for Additive Manufacturing"; which are hereby incorporated by reference for all purposes.")

The stack/set of four filters is a critical claim element of the Asserted Patents. The Specification explains that the stack or set of four filters is important to adjust the properties and alignment of each sub image within a composite image. *Id.*, Abstract. Figure 2A, reproduced below, illustrates the stack of filters containing a warp correction filter 210, a

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

resin reactivity "gamma" adjustment mask filter 220, a filter with edge blending bars 230 and an irradiance mask filter 240.



**FIG. 2A**

*Id.*, Figure 2A.  During prosecution of the '301 Patent, IA argued that the stack of filters comprising the irradiance mask, the gamma adjustment mask, the warp correction filter, and the edge blending bar is "not described by, or obvious from, the cited prior art." *See* RJN, Ex. B at 7 ('301 Patent Prosecution History, Amendment After Non-Final Office Action filed 12/15/2020).  Similarly, with the '511 Patent, IA made arguments that distinguished the set of filters from known technology during prosecution.  RJN, Ex. C at 7 ('511 Patent Prosecution History, Amendment After Non-Final Office Action filed 12/20/2021).  Accordingly, the stack/set of four filters is a critical feature of the Asserted Patents and, based on IA's arguments to the United States Patent and Trademark Office, was necessary to overcome the prior art rejections.  *Id.*

All the claims of the Asserted Patents require a stack/set of four filters including: (1) an irradiance mask; (2) a gamma adjustment mask; (3) a warp correction filter; and (4) an edge blending bar.

## III.    **LEGAL STANDARD**

### A.    **Rule 12(b)(6) Motion To Dismiss**

A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("*Iqbal*") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)

("*Twombly*")).  Only factual allegations count, and the complaint's factual allegations must "plausibly suggest an entitlement to relief[,]" requiring a plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678, 681.  It is not sufficient, for example, to plead facts that "do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

Courts must disregard legal conclusions, which "are not entitled to the assumption of truth." *Id.*  Nor do "naked assertion[s]," "labels and conclusions," or a "formulaic recitation" of claim elements suffice. *Id.* at 678 (alterations in original) (citing *Twombly*, 550 U.S. at 555, 557).  Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008); *see also Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (affirming dismissal for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.")

With respect to claims for patent infringement, a plaintiff's complaint must "'place the alleged infringer on notice of what activity is being accused of infringement.'" *Bell Semiconductor, LLC v. MaxLinear, Inc.*, No. 22-CV-00594-H-KSC, 2023 WL 175454, at *3 (S.D. Cal. Jan. 12, 2023) (quoting *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021)).  Further, while the "plausibility requirement is not akin to a probability requirement," a plaintiff must do more than raise the "sheer possibility" of infringement and plead "enough fact[s] to raise a reasonable expectation that discovery will reveal that the defendant is liable for the misconduct alleged." *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1331, 1341 (Fed. Cir. 2012) (quotations omitted, alteration in original); *see also Scripps Rsch. Inst. v. Illumina, Inc.*, No. 16-CV-661 JLS (BGS), 2016 WL 6834024, at *6 (S.D. Cal. Nov. 21, 2016) (rejecting contention that the accused product contained a claimed element because the plaintiff provided "no factual support whatsoever for this contention," finding that sort of "conclusory allegation" was insufficient and dismissing direct infringement claims).

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
3:24-cv-02262-AGS-DDL

1  **IV.  LEGAL ARGUMENT**

2     **A.  Plaintiff IA Fails to Sufficiently Allege Direct Infringement Because the
3          Complaint Lacks Factual Support that the Accused Products Meet Each
          and Every Element of Claim 1 of the Asserted Patents**

4

5        IA fails to sufficiently allege direct infringement because the Complaint lacks factual

6   support for critical claim elements reciting a stack/set of four distinct filters.  The Patent

7   Act holds liable for direct infringement "'whoever without authority makes, uses, offers to

8   sell, or sells any patented invention[.]'"  *Infinity Cube Ltd. v. Mangolytics, Inc.*, No. 22-

9   CV-547-RSH-AGS, 2023 WL 6217359, at *3 (S.D. Cal. Feb. 22, 2023) (quoting 35 U.S.C.

10  § 271(a)).  "'[F]or a party to be liable for direct patent infringement under 35 U.S.C. §

11  271(a), that party must commit all the acts necessary to infringe the patent, either

12  personally or vicariously.'"  *Id.* (quoting *Aristocrat Techs. Australia Pty Ltd. v. Int'l Game

13  *Tech.*, 709 F.3d 1348, 1362 (Fed. Cir. 2013)) (alteration in original); *see also Masimo Corp.

14  *v. Wireless*, No. 19-CV-01100-BAS-NLS, 2020 WL 7260660, at *7 (S.D. Cal. Dec. 10,

15  2020) (direct patent infringement requires a plaintiff to show that a parent company either:

16  "'(1) makes, uses, offers to sell, sells, or imports products that use the [ ] patent process

17  without authorization; or (2) controls similar conduct undertaken by its subsidiaries such

18  that it justifies piercing the corporate veil.'") (quoting *Sorensen v. Black & Decker Corp.*,

19  No. 06-cv-1572-BTM-CAB, 2007 WL 951839, at *3 (S.D. Cal. Feb. 27, 2007)) (alteration

20  in original).

21       A plaintiff must give a defendant "fair notice" of an infringement claim and "the

22  ground[s] upon which it rests."  *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256,

23  1260 (Fed. Cir. 2018) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)); s*ee also In re

24  Bill of Lading*, 681 F.3d at 1334 (same).  "Fair notice" requires the plaintiff to plausibly

25  allege that an accused product meets "each and every element of at least one claim" of the

26  asserted patent.  *Disc Disease*, 888 F.3d at 1260; *see also Oakley, Inc. v. 5.11, Inc.*, No.

27  11CV2173 WQH CAB, 2012 WL 1327796, at *2 (S.D. Cal. Apr. 17, 2012) (a "plaintiff's

28  obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Twombly*, 550 U.S. at 555)).

Each claim of the Asserted Patents requires a stack/set of four distinct filters comprising: (1) an irradiance mask; (2) a gamma adjustment mask; (3) a warp correction filter; and (4) an edge blending bar. To satisfy these claim elements, the Accused Products must include each of the four filters. If even one filter is missing, there cannot be a finding of literal infringement. *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991) ("the failure to meet a single limitation is sufficient to negate infringement of [a] claim."); *see also Yi-Ping Lin v. Transform Partners LLC*, No. 18CV1933 DMS (KSC), 2019 WL 446403, at *1 (S.D. Cal. Feb. 5, 2019) (dismissing direct infringement claim based on principle that "the failure to meet a single limitation is sufficient to negate infringement of [a] claim.") (quotations omitted).

IA accuses two groups of products: (1) the PSLA 270 and (2) products, including a version of the PSLA 270, that allegedly are in development ("the Accused Products"). For both product groups, IA fails to state a claim for relief because it has not made plausible allegations about how the PSLA 270 or the products in development practice the stack or set of the four distinct filters required by the Asserted Patents. In particular, the complaint is devoid of any factual allegations relating to at least: "an irradiance mask configured to normalize irradiance" and "a warp correction filter configured to provide geometric correction" in combination with "a gamma adjustment mask" and "an edge blending bar." '301 Patent, claim 1; '511 claim 1 (corresponding claim elements). Without these critical claim elements, the Complaint does not support a plausible inference that the Accused Products infringe any claim of the Asserted Patents. Under *Iqbal/Twombly*, allegations that are "merely consistent with" infringement are insufficient. *Twombly*, 550 U.S. at 557.

### 1.    PSLA 270

While the Complaint makes a brief reference to "trade secret pixel blending" found in a PSLA 270 document, and is "defined by 3DS to include the use of digital filters or masks that achieve warp correction, edge-blending bars, irradiance and gamma

adjustment," ECF No. 1, ¶60, such general allegations, without more, do not properly plead infringement of the stack/set of four filters.

At most, the Complaint discusses raw pixel projection and advanced pixel projection. *Id.* at ¶¶61, 62. The Complaint attempts to connect the discussion of pixel projection to the Asserted Patents but only as it relates to one of the four filters, e.g., "a gamma adjustment filter" to optimize antialiasing and smooth out jagged edges. *Id.* at ¶62. IA also makes a cursory reference to a second filter, an edge blending bar. *Id.* at ¶63. The Complaint, however, makes no attempt to address the third and fourth filters. More specifically, factual allegations regarding critical claim elements that make up the stack/set of four filters reciting: "*an irradiance mask* configured to normalize irradiance" and "*a warp correction filter* configured to provide geometric correction" are completely absent. IA does not allege that the pixel projection somehow meets the entire stack/set of four filters.

Instead, the Complaint broadly concludes that "3DS's PSLA 270 is a smaller, cheaper, inferior knock-off of IA's Range printer system. Moreover, based on the publicly available information regarding the system, the PSLA 270 infringes each limitation of each Asserted Patent." *Id.* at ¶67. IA's conclusions are not factual allegations. Instead, they are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which "do not suffice." *Iqbal*, 556 U.S. at 678. Indeed, these threadbare allegations "merely parrot claim language" and do not allow this Court or 3DS to discern how the accused products could plausibly meet the claim limitations. In *Novitaz, Inc. v. inMarket Media, LLC.*, No. 16-cv-06795-EJD, 2017 WL 2311407 at *3 (N.D. Cal. May 26, 2017), the plaintiff accused various applications of patent infringement. *Id.* at *4. The court found that the claims devoid of "factual allegations about how the [applications] operate" and failed to address "a number of critical claim elements." *Id.* For example, the asserted claim required "a detected customer interaction," and the pleaded allegation recited that the accused application "detect[ed] the user's physical presence." *Id.* The court dismissed the complaint because those conclusory statements "are not factual allegations"

but "merely parrot[ed] claim language" that the plaintiff "must show in order to prove infringement." *Id.* IA's Complaint suffers the same defect with respect to its allegations of the PSLA 270.

Not only is the stack/set of four filters required by the explicit language of the claims, but the Asserted Patents' Specification and prosecution histories establish that the stack/set of four filters is material. As detailed above, IA made arguments during prosecution to obtain allowance for its claims and to overcome prior art rejections. *Supra*, Section II A (The Asserted Patents). Given the materiality of this claim element, merely reciting the language of the limitation and relying on a 3DS reference to "trade secret pixel blending," without more, does not suffice.

In addition, the relevant 3D printing technology involves complex processing and software and therefore requires a level of detail that is missing from the Complaint. *See Tech. in Ariscale, LLC v. Razer USA, Ltd.*, 703 F. Supp. 3d 1153 (C.D. Cal. 2023) (granting motion to dismiss on direct infringement and noting cases involving complex technology require more detailed factual allegations to meet the notice pleading standard); *Multimedia Pat. Tr. v. Apple Inc.*, No. 10-CV-2618-H (KSC), 2012 WL 12868249, at *3, fn. 2 (S.D. Cal. Oct. 19, 2012) ("more thorough infringement contentions are proper when the technology is complex."). This is especially relevant for claim elements that are material to the novelty of asserted patents. *Bot M8*, 4 F.4th at 1353; *Vervain, LLC v. Micron Tech., Inc.*, No. 21-00487, 2022 WL 23469, at *5 (W.D. Tex. Jan. 3, 2022) ("a higher level of detail in pleading infringement may—depending on the complexity of the technology—be demanded for elements clearly 'material' to novelty and non-obviousness."). Thus, "[i]n cases involving complex technology, a complaint nakedly alleging that the accused product practices the claimed invention's point of novelty will rarely suffice." *Id.*

While a district court reviewing a Rule 12(b)(6) motion must "'accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff,'" *Los Angeles Lakers*, 869 F.3d at 800 (quoting *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012)), the court need not accept "legal conclusions"

as true. *Iqbal*, 556 U.S. at 678.  Further, a court may not assume the claimant "can prove facts which it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

At most, the extent of IA's factual allegations, even when viewed in the most favorable light, arguably relates to some portion of, but certainly not all of, the stack/set of four filters.  ECF No. 1, ¶¶62-63.  Accordingly, the Complaint does not plausibly allege that the stack/set of four filters are present in the PSLA 270.  Based on the materiality of the limitations at issue and the complexity of the technology, the Complaint has not provided sufficient factual allegations to permit this court to conclude that it is plausible that the Accused Product directly infringes any claim of the Asserted Patents.  *Bot M8*, 4 F.4th at 1353; *Vervain, LLC*, 2022 WL 23469, at *5.  A complaint that alleges facts merely consistent with liability "stops short of the line between possibility and plausibility" and should be dismissed.  *Twombly*, 550 U.S. at 546.

### 2.    Other In-Development Multi-projection 3D Printers

IA makes a vague allegation that a second group of DLP multi-projection products ***might*** be in development and ***might*** be in testing.  ECF No. 1, ¶¶68-84.  These allegations are based on mere speculation and nothing more.

IA speculates "upon information and belief" that "3DS has a number of customers" who "demand a large-format printer system with a large build area;" speculates that 3DS "is currently testing large-format version of the PSLA 270;" and alleges that Sam Green (3DS Product Manager) was "overheard" at a conference "discussing a multiprojector, large-format DLP printer under development." *Id.* at ¶¶70, 72, 73.  IA further speculates that a patent application filed by 3DS ("the Gelber Application") (ECF No. 1-10) describes what IA refers to as a "Bioprinter."  ECF No. 1, ¶79.  Rather than offering any factual support, IA merely concludes that there is infringement "upon information and belief." *Id.* at ¶81; *see* Counts 1 and 2 (accusing the "Accused Instrumentalities" of infringement), ¶117 ("Upon information and belief, each of the Accused Instrumentalities includes

functionality and features that collectively practice each and every limitation of, at minimum, Claim 1 of the '301 Patent."), ¶130 (similar allegation for the '511 Patent).

While IA attempts to connect the products that might be in development and might be in testing to the Gelber Application, it stops short of alleging any facts to support infringement. Despite asserting this connection, the Complaint is completely devoid of any factual allegation that the Gelber Application discloses the stack/set of four filters. IA's omission of any analysis of the Gelber Application is not an oversight, as a simple word search of the Gelber Application shows that it does not refer to an "irradiance mask" "gamma adjustment mask" "warp correction filter ... geometric correction" or "blending bar." ECF No. 1-10.

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The "mere possibility of misconduct" is not enough. *See Iqbal*, 556 at 679. The Supreme Court has said that "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[C]onclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (internal quotation marks omitted). "[I]t is within [the court's] wheelhouse to reject, as implausible, allegations that are too speculative to warrant further factual development." *Dahlia v. Rodriguez*, 735 F.3d 1060, 1076 (9th Cir. 2013).

Here, IA's entire position regarding the products that might be in development and might be in testing is based on mere possibility and speculation and lacks any factual support. A complaint should be dismissed under Federal Rule of Civil Procedure Rule 12(b)(6) when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (2007). IA's improper reliance on "information and belief" allegations is insufficient to survive dismissal. *See Elan Microelectronics Corp. v. Apple, Inc.*, No. 09-cv-01531, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009) (dismissing infringement counterclaims as bare assertions made on

information and belief); *Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Rsch. Inst.*, No. 19-CV-05784-JST, 2020 WL 7392909, at *2 (N.D. Cal. July 23, 2020) (holding that complaint fails to state a claim because it "relies largely on allegations based 'on information and belief."); *Upstream Holdings, LLC v. Brekunitch*, No. 2:22-cv-03513, 2022 WL 17371052, at *1 (C.D. Cal. Aug. 3, 2022) (dismissing a claim when it is premised on "information and belief" instead of "factual content"). By relying so completely "upon information and belief," the Complaint creates an inference that IA "likely lacks knowledge of underlying facts to support the assertion and is instead engaging in speculation to an undue degree." *See Delphix Corp. v. Actifo, Inc.*, No. 13-cv- 4613, 2014 WL 4628490, at *2 (N.D. Cal. Mar. 19, 2014). This is reason alone to dismiss IA's direct infringement claims.

Moreover, as further addressed below, because the Complaint fails to plausibly allege direct infringement, IA's claims for willful infringement, contributory infringement and induced infringement also fail. *See Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004) ("'Liability for either active inducement of infringement or for contributory infringement is dependent upon the existence of direct infringement.' [] There can be no inducement or contributory infringement without an underlying act of direct infringement.") (quoting *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993)).

## B. Plaintiff IA Fails to Sufficiently Allege Doctrine of Equivalents

To prove infringement, the plaintiff must establish that an accused product "embodies all limitations of the claim either literally or by the doctrine of equivalents." *Cephalon, Inc. v. Watson Pharms., Inc.*, 707 F.3d 1330, 1340 (Fed. Cir. 2013). "'To establish literal infringement, every limitation set forth in a claim must be found in the accused product, exactly.'" *Advanced Steel Recovery, LLC v. X-Body Equip., Inc.*, 808 F.3d 1313, 1319 (Fed. Cir. 2015) (quoting *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995)). Whereas under the doctrine of equivalents, "a product that does not literally infringe upon the express terms of a patent claim can still infringe on

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

3:24-cv-02262-AGS-DDL

a patent if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention.'" *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 469 F.3d 1005, 1016 (Fed. Cir. 2006) (quoting *Warner–Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997)).

Under the doctrine of equivalents, "to create an issue of material fact a patentee must prove infringement on a limitation-by-limitation basis by submitting particularized testimony." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1363 (Fed. Cir. 2007). The evidence used to prove infringement by the doctrine of equivalents must be more than "[g]eneralized testimony as to the overall similarity between the claims and the accused infringer's product." *Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1567 (Fed. Cir. 1996). At the pleading stage, a plaintiff must state that the infringement satisfies the limitation by equivalency. *See, e.g.*, *Iqbal*, 129 S. Ct. at 1949-50.

IA's attempt at doctrine of equivalents ("DOE") is especially lacking with absolutely no effort to meet the pleading requirement. IA's entire DOE allegation is nothing more than a conclusory statement for each of the Asserted Patents. ECF No. 1, ¶118 ("3DS has infringed one or more claims of the '301 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, directly and/or indirectly."); ¶131 (identical statement for the '511 Patent). IA does not identify any element that is not literally met and does not state an equivalent for any element. The Complaint contains no equivalency allegation and makes no effort to identify an insubstantial difference or provide an analysis as to how the function, way and result are substantially similar. *Warner-Jenkinson*, 520 U.S. at 29 ("the doctrine of equivalents must be applied to individual elements of the claim, not to the invention as a whole."). Without more than a conclusory allegation of overall infringement under the doctrine of equivalents, 3DS is not put on notice as to how to answer. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555.

### C.    Plaintiff IA Fails to Sufficiently Allege Willful Infringement

"To prove willful conduct, the plaintiff must show both the accused infringer's knowledge of the patents and knowledge of infringement." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103-04 (2016).  The plaintiff must also prove that the defendant "had a specific intent to infringe at the time of the challenged conduct." *Provisur Tech., Inc. v. Weber, Inc.*, 119 F.4th 948, 955-956 (Fed. Cir. 2024).  In other words, willfulness requires allegations of knowledge of the patent and that the defendant engaged in "deliberate or intentional infringement." *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021); *see also Core Optical Techs., LLC v. Juniper Networks Inc.*, 562 F. Supp. 3d 376, 381 (N.D. Cal. 2021) (same).  Moreover, "'a finding of direct infringement is a prerequisite for willful infringement.'" *Deckers Outdoor Corp. v. Torrid, LLC*, No. 222CV05551FWSDFM, 2023 WL 2559199, at *5 (C.D. Cal. Feb. 24, 2023) (quoting *AlterG Inc. v. Boost Treadmills LLC*, 388 F. Supp. 3d 1133, 1143 (N.D. Cal. 2019)).

Here, as IA has not set forth a claim of direct infringement, its claims of willful infringement also must fail.  *See Deckers Outdoor Corp.*, 2023 WL 2559199, at *5.

IA's claim for willful infringement also independent fails because it is based on nothing more than IA's recasting of it fanciful allegations and counterclaim involving purported conduct by Evan Kuester in the 3DS Trade Secrets Case.  Such speculatory allegations have nothing to do with an intent to infringe the '640 Patent, let alone the Asserted Patents.  ECF No. 1, ¶¶83-114.  At most, the Complaint alleges that 3DS has knowledge of the '640 Patent.  *Id.* at ¶96.  The '640 Patent has relevance in the 3DS Trade Secrets Case as evidence of IA's use of technology that originated with and belongs to 3DS.  However, other than baseless speculation stemming from "information and belief," IA fails provides specific factual allegations tying 3DS's knowledge to any sort of specific intent to infringe the Asserted Patents, which alone merits dismissal.  *See CG Tech. Dev., LLC v. Big Fish Games, Inc.*, No. 2:16-cv-00587-RCJ-VCF, 2016 WL 4521682, at *14 (D. Nev. Aug. 29, 2016) (dismissing willfulness claim because "alleging that Defendant only knew about the patent is insufficient to constitute willful infringement"); *Seoul*

*Semiconductor Co. v. Feit Elec. Co.*, No. 22-cv-05097, 2022 WL 18397383, at *4 (C.D. Cal. Nov. 30, 2022) (confirming that knowledge of the patent is insufficient to allege knowledge of infringement); *Polaris PowerLED Techs., LLC v. Vizio, Inc.*, No. 18-cv-1571, 2019 WL 3220016, at *3 (C.D. Cal. May 7, 2019) (requiring tying "infringing features or designs to particular patents" to allege knowledge of infringement).

Accordingly, IA fails to plead specific facts making plausible that 3DS committed willful infringement, and its claim should be dismissed.[2]

### D. Plaintiff IA Fails to Sufficiently Allege Contributory Infringement

"'Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" *Seoul Laser Dieboard Sys. Co. v. Serviform, S.r.l.*, 957 F. Supp. 2d 1189, 1198 (S.D. Cal. 2013) (quoting *In re Bill of Lading* 681 F.3d at 1337 (quoting 35 U.S.C.§ 271(c))). Thus, a plaintiff must plead facts that "'allow an inference that the components sold or offered for sale have no substantial non-infringing uses.'" *Toesox, Inc. v. Icon*

---

[2] IA also requests "treble damages for willful infringement as provided by 35 U.S.C. § 284." *See* ECF No. 1, Prayer. Section 284 of Title 35 of the United States Code allows courts, in their discretion, to provide enhanced damages "up to three times the amount found or assessed" in cases of willful or bad-faith infringement. 35 U.S.C. § 284. As IA's claim for willful infringement fails, enhanced damages cannot be granted. *See FluorDx LLC v. Quidel Corp.*, No. 19-CV-1998 JLS (JLB), 2020 WL 4464475, at *5 (S.D. Cal. Aug. 4, 2020) ("[k]nowledge of the patent alleged to be willfully infringed is a prerequisite to enhanced damages.") Moreover, such enhanced damages are reserved for egregious cases of culpable behavior, which IA provides no basis for other than boiler-plate conclusory language and speculation. *See id.* at *4 ("district courts should narrow their discretion so that such [enhanced] damages are generally reserved for egregious cases of culpable behavior.") (quotations omitted); *Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-cv-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017) (dismissing claim for enhanced damages where complaint contained "no specific factual allegations about [defendant's] subjective intent, or any other aspects of [defendant's] behavior that would suggest its behavior was 'egregious'").

*Health & Fitness, Inc.*, No. 14-CV-873 BEN (WVG), 2015 WL 12466347, at *2 (S.D. Cal. May 13, 2015) (quoting *In re Bill of Lading* 681 F.3d at 1337). A substantial non-infringing use is any use that is "'not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.'" *Id.* (quoting *Vita-Mix Corp. v. Basic Holdings, Inc.*, 581 F.3d 1317, 1327-29 (Fed. Cir. 2009)).

A showing of an underlying direct infringement is a predicate element of contributory infringement. *Mallinckrodt Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 354 (D. Del 2009); *see also In Re Bill of Lading*, 681 F.3d at 1331 ("It is axiomatic that 'there can be no inducement or contributory infringement without an underlying act of direct infringement.'"); *see also Golden v. Google LLC*, No. 22-CV-05246-HSG, 2023 WL 5154513, at *4 (N.D. Cal. Aug. 10, 2023) ("Liability for either active inducement of infringement or for contributory infringement is dependent upon the existence of direct infringement, and [t]here can be no inducement or contributory infringement without an underlying act of direct infringement.") (quotations omitted).

As set forth for direct infringement, IA has not pled that the accused products infringe the Asserted Patents; thus, IA also fails to plead contributory infringement. *See Mallinckrodt Inc.*, 670 F. Supp. 2d at 354; *see also In Re Bill of Lading*, 681 F.3d at 1331; *Golden*, 2023 WL 5154513, at *4.

In addition, IA fails to allege contributory infringement as the Complaint does not identify any specific component that allegedly contributorily infringed the Asserted Patents, or that 3DS knew that any products lacked non-infringing uses. Plaintiff has the burden to show the allegedly infringing component had no other substantial non-infringing uses, and the burden to plead the non-staple nature. *Mallinckrodt Inc.*, 670 F. Supp. 2d at 354. Here, IA pleads no factual allegations showing the non-staple nature of the component. IA only alleges that 3DS has "contributed to the infringement" of the Asserted Patents "because 3DS knew of the infringing aspects of its infringing products, including but not limited to the Accused Instrumentalities, were made for use in an infringement and

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

3:24-cv-02262-AGS-DDL

were not staple articles of commerce suitable for substantial non-infringing uses."  ECF No. 1, ¶¶122, 135.

IA's allegations are conclusory and fail to allege any facts sufficient to support a claim of contributory infringement.

### E.    Plaintiff IA Fails to Sufficiently Allege Induced Infringement

Under 35 U.S.C. § 271(b), "whoever actively induces infringement of a patent shall be liable as an infringer."  35 U.S.C. § 271(b).  Liability under Section 271(b) "'requires knowledge that the induced acts constitute patent infringement.'"  *Fate Therapeutics, Inc. v. Shoreline Biosciences, Inc.*, 665 F. Supp. 3d 1214, 1221 (S.D. Cal. 2023) (quoting *Global–Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011)); *see also Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016) ("[P]roof of induced infringement requires not 'only knowledge of the patent' but also 'proof the defendant knew the [induced] acts were infringing.'") (quoting *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 640, 642 (2015)).  A complaint asserting a claim for induced infringement "must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'"  *Fate Therapeutics, Inc.*, 665 F. Supp. 3d at 1221 (quoting *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1376–77 (Fed. Cir. 2017)) (emphasis in original).

In addition, a claim for induced infringement requires "an underlying act of direct infringement.'"  *Id.*; *see also Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018) ("It is axiomatic that [t]here can be no inducement or contributory infringement without an underlying act of direct infringement.'") (quotations omitted); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1322 (Fed. Cir. 2009) ("'[A] finding of inducement requires a threshold finding of direct infringement.'").  But "[t]o state a claim for indirect infringement ... a plaintiff need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists." *Fate Therapeutics, Inc.*, 665 F. Supp. 3d at 1222 (quoting *In re Bill of Lading*, 681 F.3d at 1336).

As set forth for direct infringement, IA has not pled that the accused products infringe the Asserted Patents and, thus, fails to plead induced infringement. *See Fate Therapeutics, Inc.*, 665 F. Supp. 3d at 1221; *Lucent Techs.*, 580 F.3d at 1322.

Moreover, the Complaint's allegations do not support a reasonable inference that 3DS induced infringement under § 271(b). Inducement liability requires: (1) direct infringement by another; (2) an affirmative act by the defendant to induce that infringement; and (3) specific intent to induce infringement, including knowledge of the patent, knowledge that the defendant's acts will cause direct infringement, and actual intent to cause that direct infringement. *See Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1332 (Fed. Cir. 2016).

IA's allegations also fail to support an inference that 3DS took any specific affirmative steps to induce direct infringement. ECF No. 1, ¶¶123, 136 (conclusory alleging induced infringement). "[O]n a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. But that is all that IA provides here—generic allegations that 3DS "aided and abetted others such as customers, clients, partners, developers, and end users to infringe included advertisements, testing the Accused Instrumentalities or prototypes thereof, providing instructional materials, training and other services regarding the Accused Instrumentalities." ECF No. 1, ¶¶124, 137. The Complaint is devoid of factual allegations that go to any "knowledge that [3DS's] acts were inducing infringement." *Id.* Conclusory allegations provide no factual basis to infer specific intent to induce. *Infinity Cube Ltd.*, 2023 WL 6217359, at *5 ("alleged marketing activities . . . are, without more, insufficient to state a claim for active inducement.")

These general allegations add nothing of substance and fail to support a reasonable inference that 3DS acted with the requisite specific intent to cause another's infringement. The specific intent requirement is satisfied "only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'" *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) (quoting *Glob.-Tech Appliances, Inc.*, 563 U.S. at 766); *see*

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*also Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990). The intent element also "requires more than just intent to cause the acts that produce direct infringement." *DSU Med. Corp.*, 471 F.3d at 1306. "Beyond that threshold knowledge, the inducer must have an affirmative intent to cause direct infringement." *Id*. To pass muster under the *Twombly* standard, the Complaint must contain "allegations plausibly suggesting (not merely consistent with)" culpable conduct. *Twombly*, 550 U.S. at 557.

Applying the same standards here, the alleged conduct must be more than "merely consistent with" specific intent to cause infringement; it must actually suggest such intent. *Id*. Plaintiff IA's allegation, at best, suggests that 3DS was aware of the '640 Patent, which is the parent of the Asserted Patents, not that it had any intent to induce infringement.

IA does not plead sufficient to support its claim of induced infringement and for that reason its claims should be dismissed.

## V.    **CONCLUSION**

For the foregoing reasons, IA's Complaint fails to provide factual allegations supporting a reasonable inference of entitlement to relief under the Asserted Patents. Specifically, IA fails to state a claim for relief under a direct infringement theory because it has not made plausible allegations about how the asserted products practice the stack or set of four distinct filters required by the Asserted Patents. Moreover, IA's remaining theories of infringement are equally deficient, offering merely conclusory statements, with no attempt to provide factual allegations relevant to those theories. This falls short of the pleading requirements under *Iqbal* and *Twombly* and so IA's Complaint should be dismissed.

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
3:24-cv-02262-AGS-DDL

1   DATED: January 9, 2025                    **HUNTON ANDREWS KURTH LLP**

2
                                      By:    */s/ Emily Burkhardt Vicente*
3                                            Emily Burkhardt Vicente
4                                            D. Andrew Quigley
                                             Maya M. Eckstein
5                                            Ozzie A. Farres
6                                            Attorneys for Defendants,
                                             3D CORPORATION and 3D SYSTEMS,
7                                            INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT