EMILY BURKHARDT VICENTE (SBN 263990)
ebvicente@HuntonAK.com
D. ANDREW QUIGLEY (SBN 280986)
aquigley@HuntonAK.com
**HUNTON ANDREWS KURTH LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: 213 • 532 • 2000
Facsimile: 213 • 532 • 2020

MAYA M. ECKSTEIN (*pro hac vice*)
meckstein@HuntonAK.com
**HUNTON ANDREWS KURTH LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: 804 • 788 • 8200
Facsimile: 804 • 788 • 8218

*[continued on next page]*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTREPID AUTOMATION, INC., a Delaware Corporation;<br><br>Plaintiff,<br>v.<br><br>3D SYSTEMS CORPORATION, a Delaware Corporation; and 3D SYSTEMS, INC., a California Corporation,<br><br>Defendants. | Case No.: 3:24-cv-02262-AGS-DDL<br><br>**DEFENDANTS 3D SYSTEMS CORPORATION AND 3D SYSTEMS, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF INTREPID AUTOMATION'S COMPLAINT**<br><br>Hon. Andrew G. Schopler<br>Courtroom: 5C<br>Hearing Date: February 7, 2025<br>Hearing Time: 10:00 a.m. |

1  OZZIE A. FARRES (*pro hac vice*)
2  ofarres@HuntonAK.com
   **HUNTON ANDREWS KURTH LLP**
3  2200 Pennsylvania Avenue, NW
4  Washington, DC 20037-1709
   Telephone: 202 • 955 • 1500
5  Facsimile: 202 • 778 • 2201
6
7  Attorneys for Defendants,
   3D SYSTEMS CORPORATION and
8  3D SYSTEMS, INC.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

1  Pursuant to Federal Rule of Evidence 201, Defendants 3D Systems Corporation and 3D Systems, Inc. ("Defendants") respectfully request that this Court take judicial notice of the documents identified below and attached hereto in support of its Motion to Dismiss and/or Strike Intrepid Automation's Counterclaims.

The Court may take judicial notice of any adjudicative fact that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2). This necessarily includes "matters of public record." *San Diego Unified Port Dist. v. Underwriters at Lloyd's*, No. 15-CV-00022-WQH-JLB, 2016 WL 184402, at *2 (S.D. Cal. Jan. 14, 2016). Federal Rule of Evidence 201(c) provides that "a court shall take judicial notice if a party requests it and the court is supplied with the necessary information," and Rule 201(d) further provides that judicial notice may be taken at any stage of the proceeding. Fed. R. Evid. 201(c)(2), (d). Thus, courts may take judicial notice of documents in support of a motion to dismiss. Although review of a motion to dismiss "is generally limited to the contents of the complaint and documents attached thereto, the Court may also consider a matter that is properly the subject of judicial notice." *See Hernandez v. Path, Inc.*, No. 12-CV-01515 YGR, 2012 WL 5194120, at *2 (N.D. Cal. Oct. 19, 2012); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) (court may take judicial notice of "matters of public record" and consider them without converting motion to dismiss into motion for summary judgment).

Defendants requests that the Court take judicial notice of Exhibit A (Patent No. US 10,780,640); Exhibit B (Patent No. 11,014,301 B2 Patent Prosecution History); and Exhibit C (Patent No. US 11,338, 511 Patent Prosecution History). These exhibits are properly the subject of judicial notice pursuant to Federal Rule of Evidence 201 as district courts may take judicial notice of these publicly available patents, patent applications, and patent prosecution history documents. *See Betak v. Miftakhov*, No. 19-CV-02516-JSC, 2019 WL 5684523, at *5 (N.D. Cal. Nov. 1, 2019); *Hernandez v. Path, Inc.*, No. 12-CV-01515 YGR, 2012 WL 5194120, at *2 (N.D. Cal. Oct. 19, 2012) ("The Court will take judicial notice of the patent application because it is "capable of accurate and ready determination by resort

to sources whose accuracy cannot reasonably be questioned."); *DriveCam, Inc. v. SmartDrive Sys., Inc.*, No. 11-CV-0997-H (RBB), 2012 WL 13175930, at *8 (S.D. Cal. Mar. 26, 2012) ("The document requested by DriveCam is published by the patent office and is therefore ascertainable and verifiable."); *Colt Int'l Clothing Inc. v. Quasar Sci., LLC*, 304 F. Supp. 3d 891, 892 (C.D. Cal. 2018) ("Dadco seeks judicial notice of the two patents, the Provisional Application, the non-provisional patent applications, a docket sheet from the United States Patent Office, and an amendment to a non-provisional patent application. *Id.* Prosecution materials are matters of public record and subject to judicial notice under Fed. R, Civ. P, 201.")

Defendants respectfully requests that the Court take judicial notice of the following publicly available documents:

| Exhibit | Description |
|---|---|
| **A** | Patent No. US 10,780,640, published on September 22, 2020 (patent application filed on March 29, 2019) |
| **B** | Patent No. 11,014,301 B2 Patent Prosecution History, Amendment After Non-Final Office Action filed December 15, 2020 |
| **C** | Patent No. US 11,338, 511 Patent Prosecution History, Amendment After Non-Final Office Action filed December 20, 2021. |

| | | |
|---|---|---|
| DATED: January 9, 2025 | | **HUNTON ANDREWS KURTH LLP** |
| | By: | */s/ Emily Burkhardt Vicente* |
| | | Emily Burkhardt Vicente |
| | | D. Andrew Quigley |
| | | Maya M. Eckstein |
| | | Ozzie A. Farres |
| | | Attorneys for Defendants, |
| | | 3D CORPORATION and 3D SYSTEMS, INC. |