# Exhibit B

Attorney Docket: INTRP003C1

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Applicant(s): Wynne et al. | Confirmation No.: 1008 |
| Application No.: 16/938,298 | Art Unit: 1742 |
| Filing Date: July 24, 2020 | Examiner: Liu, Xue H |
| Title: MULTIPLE IMAGE PROJECTION SYSTEM FOR ADDITIVE MANUFACTURING | |

Commissioner for Patents
*Via EFS*

## AMENDMENT AFTER NON-FINAL OFFICE ACTION

This paper is a response to the Office Action mailed October 6, 2020 ("the Office Action"), for the present patent application. The first page of the various sections of this response can be found on the following pages.

**Amendments to the Claims** ............................................................. 2
**Remarks** ......................................................................................... 6

1

Attorney Docket: INTRP003C1

# AMENDMENTS TO THE CLAIMS

This following listing of claims will replace all prior versions, and listings, of claims in the application.

**Listing of Claims:**

1. (Currently Amended) An additive manufacturing system, comprising:

    an image projection system comprising a plurality of image projectors that project a composite image onto a build area within a resin pool, wherein each of the image projectors projects a sub-image onto a portion of the build area, [[and]] <u>wherein</u> the composite image comprises a plurality of sub-images arranged in an array<u>, and wherein two or more adjacent sub-images in the array overlap at two or more sub-image edges</u>; [[and]]

    a display subsystem[[; and]]<u>,</u> wherein[[:]] the display subsystem controls the image projection system and each of the image projectors to adjust properties and alignment of the position of each sub-image in the array; ~~two or more adjacent sub-images in the array overlap at two or more sub-image edges;~~ and

    ~~the properties of each sub-image in the array are adjusted using~~ <u>a stack of filters configured to adjust the properties of each sub-image in the array, the stack of filters</u> comprising:

    an irradiance mask ~~that normalizes~~ <u>configured to normalize</u> irradiance;

    a gamma adjustment mask ~~that adjusts~~ <u>configured to</u> adjust sub-image energy by mapping a plurality of pixel intensity levels to an addressable range of reactivity for curing the resin, thereby reducing aliasing artifacts of curved or smooth surfaces;

    a warp correction filter ~~that provides~~ <u>configured to provide</u> geometric correction; and

    an edge blending bar at one or more sub-image edges.

2. (Original) The additive manufacturing system of claim 1, wherein the plurality of pixel intensity levels comprises levels from 0 to 255.

3. (Original) The additive manufacturing system of claim 1, wherein the gamma adjustment mask further comprises a transfer function that maps an operating energy range of a

2

printed layer to a control system operating range, wherein the control system operating range is a quantized set of values.

4. (Original) The additive manufacturing system of claim 1, wherein the gamma adjustment mask comprises a logarithmic relationship between a cure depth of the resin and energy per unit area in the build area.

5. (Currently Amended) The additive manufacturing system of claim 1, <u>further comprising a resin pool,</u> wherein the resin <u>of the resin pool</u> is selected from a group consisting of acrylates, epoxies, methacrylates, urethanes, silicone, vinyls, and combinations thereof.

6. (Original) The additive manufacturing system of claim 1, wherein adjacent sub-areas overlap by a percentage of their areas, wherein the percentage is from 1% to 5%.

7. (Original) The additive manufacturing system of claim 1, wherein adjacent sub-areas overlap by a percentage of their areas, wherein the percentage is from 50% to 100% to increase a local power within the composite image.

8. (Original) The additive manufacturing system of claim 1, wherein the warp correction filter corrects skew in projected images that are caused by variation in alignment within the build area.

9. (Original) The additive manufacturing system of claim 1, wherein the warp correction filter corrects skew in projected images that are caused by variation in projector optics.

10. (Original) The additive manufacturing system of claim 1, wherein the edge blending bar comprises a blending distance and a function selected from a group consisting of linear, sigmoid and geometric.

11. (Original) A method comprising:
    a. providing an additive manufacturing system, comprising:
        an image projection system comprising a plurality of image projectors; and

an image display subsystem;

b. projecting a composite image onto a build area within a resin pool using the image projection system, wherein:

the image projection system is controlled by the image display subsystem;

the composite image comprises a plurality of sub-images arranged in an array;

two or more adjacent sub-images in the array overlap at two or more sub-image edges; and

each sub-image is projected onto a portion of the build area using one of the plurality of image projectors; and

c. adjusting properties and aligning the position of each sub-image in the array using a set of filters comprising:

an irradiance mask that normalizes irradiance;

a gamma adjustment mask that adjusts sub-image energy by mapping a plurality of pixel intensity levels to an addressable range of reactivity for curing the resin, thereby reducing aliasing artifacts of curved or smooth surfaces;

a warp correction filter that provides geometric correction; and

an edge blending bar at one or more sub-image edges.

12. (Original) The method of claim 11, wherein the plurality of pixel intensity levels comprises levels from 0 to 255.

13. (Original) The method of claim 11, wherein the gamma adjustment mask further comprises a transfer function that maps the operating energy range of a printed layer to a control system operating range, wherein the control system operating range is a quantized set of values.

14. (Original) The method of claim 11, wherein the gamma adjustment mask comprises a logarithmic relationship between a cure depth of the resin and energy per unit area in the build area.

15. (Original) The method of claim 11, wherein the resin is selected from a group consisting of acrylates, epoxies, methacrylates, urethanes, silicone, vinyls, and combinations thereof.

16. (Original) The method of claim 11, wherein adjacent sub-areas overlap by a percentage of their areas, wherein the percentage is from 1% to 5%.

17. (Original) The method of claim 11, wherein adjacent sub-areas overlap by a percentage of their areas, wherein the percentage is from 50% to 100% to increase a local power within the composite image.

18. (Original) The method of claim 11, wherein the warp correction filter corrects skew in projected images that are caused by variation in alignment within the build area.

19. (Original) The method of claim 11, wherein the warp correction filter corrects skew in projected images that are caused by variation in projector optics.

20. (Original) The method of claim 11, wherein the edge blending bar comprises a blending distance and a function selected from a group consisting of linear, sigmoid and geometric.

Attorney Docket: INTRP003C1

## REMARKS

This amendment is in response to the Office Action dated October 6, 2020. Claims 1 and 5 are currently amended. Claims 1-20 are pending in prosecution.

Applicant thanks the Examiner for the courtesy of the Examiner Interview conducted by telephone on December 1, 2020 with David Jackrel, Ben Wynne and Ivan Chousal. Distinctions between the present claims 1, 10, 11 and 20 and the cited references Kobayashi (2016/0121547), Saruhashi et al. (2015/0202805) and Hull et al. (2008/0169586) were discussed. It was agreed that Saruhashi et al. (2015/0202805) and Hull et al. (2008/0169586) do not teach the limitation of "a plurality of pixel intensity levels."

### I.  Amendments to the Claims

Claim 1 has been amended to clarify that the additive manufacturing system comprises the stack of filters, support for which may be found throughout the specification as filed, for example in original claim 1 and [0044].

Claim 5 has been amended to recite that the additive manufacturing system comprises the resin pool, support for which may be found throughout the specification as filed, for example in [0048] and [0053].

No new matter has been added hereby.

### II.  Rejections Under 35 U.S.C. 103

Claims 1-7, 11-14 (note, Applicant assumes this to be 10-14), 16-17 and 20 were rejected under 35 U.S.C. 103 as being unpatentable over Ueda et al. (2016/0368221, hereinafter "Ueda") in view of Hull et al. (2008/0169586, hereinafter "Hull"), Kobayashi (2016/0121547, hereinafter "Kobayashi"), Saruhashi et al. (2015/0202805, hereinafter "Saruhashi") and Ueno (US 7,318,718, hereinafter "Ueno").

Claims 8-9 and 18-19 were rejected under 35 U.S.C. 103 as being unpatentable over Ueda in view of Hull, Kobayashi, Saruhashi, and Ueno as applied to claim 1 above, and further in view of Ueda (2018/0139426, hereinafter "Ueda 2").

Claim 15 was rejected under 35 U.S.C. 103 as being unpatentable over Ueda in view of Saruhashi, Kobayashi, Ueno, and Hull as applied to claim 11 above, and further in view of Du Toit (WO2016/179661, hereinafter "Du Toit").

6

Applicant traverses the 103 rejections, and claim 1 has been amended for clarity to expedite prosecution.  The stack of filters comprises the irradiance mask, the gamma adjustment mask, the warp correction filter, and the edge blending bar.  Claim 1 recites limitations for the stack of filters that are not described by, or obvious from, the cited prior art.  For example, claim 1 recites that the stack of filters comprises "a gamma adjustment mask configured to adjust sub-image energy by **mapping a plurality of pixel intensity levels to an addressable range of reactivity** for curing the resin."  Claim 1 further recites that the gamma adjustment mask with the recited configuration reduces "aliasing artifacts of curved or smooth surfaces."  As agreed in the Examiner Interview, the cited art, such as Saruhashi and Hull, does not teach all of the limitations in claim 1.

Claim 11 includes similar limitations for the set of filters, including limitations on the irradiance mask, the gamma adjustment mask, the warp correction filter, and the edge blending bar.  As with claim 1, the cited art, such as Saruhashi and Hull, does not teach all of the limitations in claim 11.

In light of the present amendments and remarks, Applicant respectfully requests that the rejections of claims 1 and 11, claims 2-10 dependent on claim 1, and claims 12-20 dependent on claim 11, under 35 U.S.C. 103 be withdrawn.

### III.   Conclusion

The Applicant believes that all claims now pending in this application are in condition for allowance.  The expedient issuance of a formal Notice of Allowance is respectfully requested.  If any issues remain, the Examiner is asked to telephone the undersigned, thereby simplifying and expediting the examination and prosecution process.

    Respectfully submitted,
    MLO
    /David B. Jackrel/
    David B. Jackrel
    Reg. No. 76,731

MLO
12707 High Bluff Drive, Suite 200
San Diego, California 92130

Attorney Docket: INTRP003C1

(858) 481-1883  
(858) 408-3570 (Fax)  
Email address: david@mlo-ip.com

# Electronic Acknowledgement Receipt

| EFS ID: | 41382198 |
|---|---|
| Application Number: | 16938298 |
| International Application Number: | |
| Confirmation Number: | 1008 |
| Title of Invention: | MULTIPLE IMAGE PROJECTION SYSTEM FOR ADDITIVE MANUFACTURING |
| First Named Inventor/Applicant Name: | Ben Wynne |
| Customer Number: | 67362 |
| Filer: | David Bryan Jackrel |
| Filer Authorized By: | |
| Attorney Docket Number: | INTRP003C1 |
| Receipt Date: | 15-DEC-2020 |
| Filing Date: | 24-JUL-2020 |
| Time Stamp: | 12:12:47 |
| Application Type: | Utility under 35 USC 111(a) |

## Payment information:

| Submitted with Payment | no |
|---|---|

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 20201215_INTRP003C1_Amend.pdf | 144221<br><br>63993753e8e7e04c4aa8f922ae6170ffb1b3f79a | yes | 8 |

| Multipart Description/PDF files in .zip description | | |
|---|---|---|
| Document Description | Start | End |
| Amendment/Req. Reconsideration-After Non-Final Reject | 1 | 1 |
| Claims | 2 | 5 |
| Applicant Arguments/Remarks Made in an Amendment | 6 | 8 |

**Warnings:**

**Information:**

| | Total Files Size (in bytes): | 144221 |
|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD Substitute for Form PTO-875 | Application or Docket Number 16/938,298 | Filing Date 07/24/2020 | ☐ To be Mailed |
|---|---|---|---|

ENTITY:   ☑ LARGE   ☐ SMALL   ☐ MICRO

## APPLICATION AS FILED - PART I

| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | RATE ($) | FEE ($) |
|---|---|---|---|---|
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | x $100 = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | x $460 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED - PART II

| AMENDMENT | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|
| 12/15/2020 | | | | | | | |
| | Total (37 CFR 1.16(i)) | * 20 | Minus | ** 20 | = 0 | x $100 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 2 | Minus | *** 3 | = 0 | x $480 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | | TOTAL ADD'L FEE | 0 |

| AMENDMENT | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | x $0 = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.     SLIE
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".    /TONYA Q MCBRIDE/
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*