UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTREPID AUTOMATION, INC.,<br><br>                           Plaintiff,<br><br>v.<br><br>3D SYSTEMS CORPORATION, et al.,<br><br>                           Defendants. | Case No.: 24-cv-2262-AGS-DDL<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**<br><br>[Dkt. No. 32] |

# I.

# **INTRODUCTION**

Plaintiff Intrepid Automation, Inc. ("Intrepid") moves for expedited discovery in this patent infringement action, contending the discovery will allow it to determine whether to seek a preliminary injunction. Defendants 3D Systems Corporation and 3D Systems, Inc. (collectively "3D Systems") oppose the motion. Dkt. No. 39.

Having considered the parties' briefing and their arguments at the motion hearing on February 20, 2025, the Court concludes Intrepid has established good cause for expedited discovery pertaining to the PSLA 270, the 3D Systems printer system that Intrepid alleges infringes its patents and that is on the market. However, discovery is not warranted as to any other printer systems in development at 3D Systems. As such, the Court grants in part Intrepid's motion.

## II.

## BACKGROUND

Intrepid and 3D Systems both design and manufacture 3D printing systems. Intrepid's founders were employed by 3D Systems, Inc. between 2016 and 2017, before leaving and forming Intrepid. In 2021, 3D Systems, Inc. sued Intrepid and its founders for alleged misappropriation of trade secrets. That litigation is ongoing. *See 3D Systems, Inc. v. Wynne, et al.*, 21-cv-1141-AGS-DDL (the "Trade Secrets Case").

In December 2024, Intrepid filed the instant lawsuit, claiming that 3D Systems's PSLA 270 printer system is a "knockoff" of Intrepid's Range printer system. Dkt. No. 1 at 2. Both the PSLA 270 and the Range are DLP multiprojection 3D printers, and Intrepid asserts the PSLA 270 "employs Intrepid's multiprojection technology and is the product of 3DS's willful infringement of Intrepid's patents." *Id.* Specifically, Intrepid alleges it owns United States Patent Nos. 11,014,301 (the "'301 patent") and 11,338,511 (the "'511 patent"), which both "claim inventions related to additive manufacturing systems, and associated methods, comprising an image system including a plurality of image projectors that project a composite image onto a build area within a resin pool." *Id.* at 5-6. As described by Intrepid, the '301 and '511 patents "claim the use of multiple image projectors" that project multiple sub-images "to form a single composite image," thereby allowing the Range to create larger objects than other DLP printers. *Id.* at 7.

Intrepid alleges the PSLA 270 infringes both the '301 and the '511 patents. *Id.* at 27-30. 3D Systems disputes this contention, arguing the patents "are derived from the very technology [Intrepid] misappropriated" from 3D Systems, Inc. that is at issue in the Trade Secrets Case. Dkt. No. 39 at 12. 3D Systems further contends its own DLP multiprojector system technology predates Intrepid's patents and that, in any event, the PSLA 270 is a medium-format printer that does not compete with Intrepid's Range, which is a large-format printer. *Id.* at 16.

/ / /

/ / /

On January 9, 2025, 3D Systems filed a motion to dismiss. Dkt. No. 26. The next day, 3D Systems moved to stay this action pending resolution of the Trade Secrets Case. Dkt. No. 27. On January 21, 2025, Intrepid filed the instant motion seeking discovery regarding the PSLA 270 printer and any other DLP multiprojection printer system under development by 3D Systems "to gain evidence regarding how [the PSLA 270] operates, to confirm infringement and to prepare a motion for preliminary injunction." Dkt. No. 32-1 at 4.

## III.

## **LEGAL STANDARDS**

The Court may authorize expedited discovery on a showing of good cause. *See Synopsys, Inc. v. AzurEngine Techs., Inc.*, 401 F. Supp.3d 1068, 1076 (S.D. Cal. 2019).[1] ; see also Fed. R. Civ. P. 26(d)(1) (providing that the court may order discovery to proceed before the parties have conferred as required by Rule 26(f)). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "In determining whether good cause justifies expedited discovery, courts commonly consider factors including: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011).

///

---

[1] All citations, subsequent history, and parallel reporter citations are omitted unless otherwise noted. In direct quotes, all internal quotation marks, brackets, ellipses and footnotes are omitted, and all emphasis is added, unless otherwise noted.

# IV.

# DISCUSSION

Intrepid seeks expedited discovery to determine whether to seek a preliminary injunction to prevent 3D Systems's alleged infringement of the '301 and '511 patents. Although a motion for a preliminary injunction is not pending, "expedited discovery may be justified to allow a plaintiff to determine whether to seek an early injunction." *Apple Inc.*, 2011 WL 1938154, at *2 (granting limited expedited discovery in trademark and patent infringement case); *see also Interserve, Inc. v. Fusion Garage PTE, Ltd.*, No. C 09-05812 JW PVT, 2010 WL 143665, at *2 (N.D. Cal. Jan. 7, 2010) (finding good cause to permit expedited discovery to allow a litigant "to determine whether to seek an early injunction."); *MedImpact Healthcare Sys., Inc. v. IQVIA Holdings, Inc.*, No. 19CV1865-GPC-LL, 2019 WL 6310554, at *3 (S.D. Cal. Nov. 25, 2019) (granting request for tailored expedited discovery notwithstanding that absence of pending preliminary injunction motion "lessens the urgency for early discovery"). Of course, "expedited discovery is not automatically granted merely because a party seeks a preliminary injunction," *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009), but "courts have recognized that good cause is frequently found in cases involving claims of infringement and unfair competition." *Semitool, Inc.*, 208 F.R.D. at 276.

Expedited discovery must be "narrowly tailored to obtain information relevant to [the] determination" of whether an injunction should issue. *Am. LegalNet*, 673 F. Supp. 2d at 1067. Here, Intrepid seeks to propound interrogatories, requests for production and requests for inspection to obtain information regarding 3D Systems's PSLA 270 printer system as well as any other DLP multiprojection printer system currently in development at 3D Systems. Dkt. No. 32-1 at 10-11. The Court finds that expedited discovery regarding the PSLA 270 is appropriate, but discovery regarding other printer systems is not.

Intrepid's request for expedited discovery regarding the PSLA 270 printer system is relevant to the Complaint's allegations that the PSLA 270 infringes the '301 and '511 patents. *Apple Inc.*, 2011 WL 1938154, at *2 (allowing expedited discovery that is

"relevant to [plaintiff's] claims of infringement" and "likely to be central to any motion for preliminary injunction"). Moreover, Ben Wynne, one of Intrepid's principals, avers "[s]ales of industrial 3D printers tend to be sticky," because customers "rarely" buy printers from different suppliers. Dkt. No. 32-15 at 10. According to Wynne, "the sale of a single PSLA 270 to a customer not only means that Intrepid would lose the opportunity to sell that customer the Range in the short term but gives [3D Systems] a competitive advantage with respect to that customer in the sale of large-format 3D printers, once 3D Systems goes to market with a large-format device . . . ." *Id.*

The following discovery requests proposed by Intrepid seek targeted discovery pertaining to the PSLA 270 that allegedly infringes Intrepid's patents:

- Interrogatory numbers 2-5 seek identification of the "directory and sub-directory" locations of the PSLA 270 source code pertaining to specific functions that allegedly infringe Intrepid's patents. Intrepid's expert, Dr. Sadeghi, explains why identification of the directories and sub-directories will allow him to identify the relevant source code and review it efficiently. Dkt. No. 32-16 at 3-5.

- Request for production number 1 seeks documents "sufficient to ascertain the structure and function of the PSLA 270," thereby allowing 3D Systems to limit its production to the specific documents sufficient to provide this information.

- Request for inspection numbers 1 and 3 seek to inspect the PSLA 270 source code and to physically inspect the PSLA 270 printer system.

These discovery requests are limited to the PSLA 270 and the issues that are relevant to assessing whether to seek a preliminary injunction, and the Court finds that responding to these discovery requests would not place an undue burden on 3D Systems. *Semitool, Inc.*, 208 F.R.D. at 276 (granting limited expedited discovery in patent infringement action, where plaintiff sought "technical specifications" and other documents showing "the physical configuration and operation" of the allegedly infringing product but denying

request for expedited discovery from third parties). The Court further finds this discovery is appropriate as Intrepid seeks "to prevent alleged infringement of its intellectual property and to forestall allegedly irreparable harm associated with a loss of market share and consumer good will." *See Apple Inc.*, 2011 WL 1938154, at *2.

The cases relied upon by 3D Systems at oral argument are distinguishable. In *Extreme Reach, Inc. v. PriorityWorkforce, Inc.*, No. CV 17-6796 SJO (EX), 2017 WL 10544621 (C.D. Cal. Oct. 18, 2017), the plaintiff's proposed expedited discovery was "not narrowly tailored to focus on the specific issues necessary for preliminary injunction" but rather would have required the defendants "to commence the wholesale discovery process." *Id*. at *3. In addition, the Court has considered *Momenta Pharm., Inc. v. Teva Pharm Indus. Ltd.*, 765 F. Supp. 2d 87 (D. Mass. 2011), where the plaintiff seeking expedited discovery declined the defendant's offer to engage in "mutual and limited" expedited discovery, thereby "undermin[ing] its claim that Court-ordered expedited discovery is necessary." *Id.* at 89. Further, the plaintiff "provided no evidence that entry of a competitor into the market will cause irreparable loss of market share and revenue." *Id*. Here, in contrast, there has been no analogous refusal by Intrepid to provide information requested by 3D Systems, and Intrepid has provided evidence of "sticky" printer system sales supporting its contention that allowing 3D Systems to market and sell its allegedly infringing PSLA 270 printer system could cause Intrepid to lose market share.

3D Systems contends that expedited discovery may allow Intrepid to craft its infringement contentions around the information it receives. Intrepid responds that infringement contentions must be based on the '301 and '511 patent claims and that, in any event, infringement contentions may be amended after discovery in this case. *See* Patent L.R. 3.1, 3.6. To mitigate any prejudice to 3D Systems, the Court will require Intrepid to serve its initial infringement contentions under Rule 3.1 prior to Intrepid's production of the expedited discovery authorized by this Order.

3D Systems further argues that expedited discovery is not necessary because Intrepid can purchase a PSLA 270 for approximately $100,000, and 3D Systems will guarantee

delivery within approximately 30 days. That an allegedly infringing product is "not otherwise accessible," *Semitool, Inc.*, 208 F.R.D. at 277, may weigh in favor of expedited discovery in certain cases. But it is another thing to conclude that a party should be required to spend $100,000 to buy the allegedly infringing product in lieu of conducting a physical inspection as authorized by Federal Rule of Civil Procedure 34. The Court declines to require Intrepid to buy a PSLA 270 rather than performing an inspection under Rule 34.

The Court denies Intrepid's additional request for expedited discovery relating to any other DLP multiprojection printer system in development at 3D Systems. This discovery is not sufficiently limited to the asserted need to assess whether to seek a preliminary injunction and would impose an undue burden on 3D Systems at this stage in the litigation. *Apple Inc.*, 2011 WL 1938154, at *3-4 (granting plaintiff's motion for expedited discovery of "latest iteration" of defendant's allegedly infringing product samples and packaging but denying additional discovery based on "broad and somewhat vague" requests that would place undue burden on defendant); *MedImpact Healthcare Sys., Inc.*, 2019 WL 6310554, at *4 (authorizing interrogatories but declining to allow document requests and a deposition); *Wedge Water LLC v. Ocean Spray Cranberries, Inc.*, No. 21-CV-0809-GPC(BLM), 2021 WL 2138519, at *2 (S.D. Cal. May 26, 2021) ("A court may deny a motion for expedited discovery where the moving party seeks discovery that is not narrowly tailored to obtain information relevant to a preliminary injunction determination and instead goes to the merits of plaintiff's claims in this action.").

The final consideration is "how far in advance of the typical discovery process the request was made." *Apple Inc.*, 2011 WL 1938154, at *1. This timing is uncertain given 3D Systems's pending motions to dismiss and to stay, although "[a] pending motion to dismiss is not dispositive to a finding of good cause for expedited discovery." *MedImpact Healthcare Sys., Inc.*, 2019 WL 6310554, at *4. Notwithstanding that the pending motions to dismiss and to stay may "weigh[] slightly against expedited discovery," *id.*, even assuming the Rule 26(f) conference will not occur in the near future, the Court concludes

that the expedited discovery authorized by this order is appropriate so that Intrepid may ascertain whether to seek a preliminary injunction in the interim.

V.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS IN PART** Intrepid's motion for expedited discovery and **ORDERS** as follows:

1. Intrepid shall propound the following discovery **by March 6, 2025**:

    a. Interrogatory Nos. 2, 3, 4 and 5

    b. Request for Production No. 1

    c. Request for Inspection Nos. 1 and 3 (limited to the PSLA 270).

2. The parties shall promptly meet and confer regarding an appropriate Protective Order, including a source code protocol and any patent prosecution bar and shall file a motion for a Protective Order by **March 14, 2025**.

3. Intrepid shall serve infringement contentions under Patent Local Rule 3.1 by **March 20, 2025**.

4. 3D Systems shall serve responses to the Interrogatories, Request for Production and Requests for Inspection and produce responsive documents by **April 7, 2025**.

5. The parties shall work cooperatively to facilitate Request for Inspection Nos. 1 and 3. Intrepid's inspections of the PSLA 270 and its source code shall all take place by **April 21, 2025**.

IT IS SO ORDERED.

Dated: March 5, 2025

Hon. David D. Leshner
United States Magistrate Judge