UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTREPID AUTOMATION, INC., <br><br>　　　　　　　　　　Plaintiff, <br><br>v. <br><br>3D SYSTEMS, INC., et al., <br><br>　　　　　　　　　　Defendants. | Case No.: 24-cv-2262-AGS-DDL <br><br>**ORDER DENYING AS MOOT 3D SYSTEMS' MOTION TO STAY (ECF 27)** |

　　　Defendant 3D Systems asks the Court to stay this patent case's proceedings pending a related trade-secret case's resolution. (*See* ECF 27.) But this issue is moot, as this Court already entered summary judgment against 3D Systems on those trade-secret claims. (*See* 21-cv-1141, ECF 645, at 27.)

　　　3D Systems principally argues that a stay is warranted because "whether [Intrepid's] patent filings incorporate 3DS's trade secrets is directly at issue in the Trade Secrets case." (ECF 27, at 11.) It reiterates this point in every section of its stay motion. (*See, e.g.*, *id.* at 20, 22–23, 25.) And again in its post-summary-judgment submissions. (*See* ECF 75, at 5 (reply brief) (arguing for a stay in the event that there is a "determination" Intrepid "misappropriated 3DS's trade secrets"); ECF 72, at 4 (parties' joint submission) (urging a stay because there may be a "jury ruling" that Intrepid "stole this information from 3DS").)

　　　Given this Court's summary-judgment ruling, however, there is no live controversy about 3D Systems' trade-secret-misappropriation allegations. (*See* 21-cv-1141, ECF 645, at 27.) So its stay motion is **DENIED** as moot, and the July 11, 2025 hearing is now limited to arguments about 3D Systems' dismissal motion. (*See* ECF 26.). If the Court grants reconsideration, the parties are welcome to re-raise these issues.

Dated:  May 14, 2025

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Hon. Andrew G. Schopler
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge